In the Matter of the Estate of MARY FRANCES CARY, Deceased.

Surrogate's Court, Putnam County, May 26, 1934.

*Flannery & Supple* [*John Palisi* of counsel], for J. Gordon Flannery, executor.

*Daniel A. Dugan,* for Herbert Sara and Monmouth Barrett.

*Joseph F. Horan,* for Clarence Cary.

*Roosa & Southard,* for John T. Cary and others.

*Paul A. Rieser,* for Thomas Etta and another; also special guardian for Louis Newman and others.

BAILEY, S. Upon the judicial settlement of the executor's accounts herein, three claims which had been rejected by the executor came on for trial before the court pursuant to the provisions of section 211 of the Surrogate's Court Act.

At the time of the hearing, one of the claimants, Thomas Cary Wood, appeared by counsel and withdrew his claim; the executor also withdrew his objections to the claim of Herbert Sara for $46.57 for merchandise furnished to the decedent. This left only

the claim of Herbert Sara for $3,565, representing personal services alleged to have been performed for the decedent from January 6, 1927, to February 29, 1932, the date of death.

The proof offered on behalf of that claimant showed that the claimant's wife was a niece of the decedent and that the claimant and his wife resided a short distance from the residence of the decedent. The proof in support of the claimant consisted of the testimony of three witnesses.

Mrs. Theresa Miller, housekeeper for decedent for a short time before her death, testified that between November, 1931, and February, 1932, a period of approximately four months, the claimant had been about the home of the decedent and had done certain chores in and about the premises.

The second witness, Mrs. Emiline Wood, testified that during the years 1927, 1928, 1929, 1930 and 1931, when she visited the decedent, she had seen the claimant perform services similar to those testified to by the first witness, to wit, running errands, carrying in wood and watering the cattle on the farm.

The third witness was the wife of the claimant, who testified that the decedent had frequently remarked that the claimant would be well paid for all of the work that he had done.

No proof was offered to indicate that any contract had been made or that the decedent had ever expected to pay for the services rendered by the claimant other than the testimony of claimant's wife.

The courts have uniformly held that the evidence to establish a contract of this kind shall be of the highest degree and that the testimony of one spouse is not sufficient to establish the contract on behalf of the other spouse. The Court of Appeals in *Holt* v. *Tuite* (188 N. Y. 17), in passing upon a similar claim, said: " We have repeatedly held that such a contract must not only be certain and definite and founded upon an adequate consideration, but also that it must be established by the clearest and most convincing evidence. * * * We have been rigid and exacting as to the sufficiency of the evidence to establish them [such contracts] and have condemned the proof thereof ' through parole evidence given by interested witnesses,' as ' such contracts are easily fabricated and hard to disprove because the sole contracting party on one side is always dead when the question arises,' we have declared that they ' should be in writing, and the writing should be produced, or, if ever based upon parol evidence, it should be given or corroborated in all substantial particulars by disinterested witnesses.' " (See, also, *Matter of MacMillan*, 218 N. Y. 64.)

There is no testimony offered or proof presented in corroboration of the proof offered as to the alleged contract as required by the

decisions of the Court of Appeals, and the claim must, therefore, be disallowed, with the exception of the claim for thirty-five dollars for services rendered after the death of the decedent, in respect to the funeral and burial, which it appears should be paid.

It is directed that a decree be prepared and submitted accordingly.